85 F.3d 635
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel Lee HOLTERMAN, Plaintiff-Appellant,
v.
Louis MEZA, Defendant-Appellee.
 No. 96-35140.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 30, 1996.*
Decided May 6, 1996.
 
 Before: BROWNING, REINHARDT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Lee Holterman, an Oregon state prisoner, appeals pro se the dismissal of his civil rights action against Louis Meza, a correctional officer, seeking damages and injunctive and declaratory relief under 42 U.S.C. §§ 1983, 1985, and 1986. Holterman contends the district court erred by dismissing as frivolous his claim that Meza violated his constitutional rights when Meza telephoned Holterman's friend Sally Larson, told her Holterman was under investigation for money laundering, and asked her to send him any money or other property she received from Holterman. We affirm in part and vacate and remand in part.
 
 
 3
 We affirm the district court's conclusion that even though Holterman claims Meza denied him equal protection on account of his Jewish religion or race, his causes of action under 42 U.S.C. §§ 1985 and 1986 are frivolous because his allegation that other prison officials refused to investigate Meza's conduct does not amount to an allegation of conspiracy. See 28 U.S.C. § 1915(d); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (frivolous action lacks arguable basis in law or fact); Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir.1992) (conspiracy is element of claim under § 1985).
 
 
 4
 Holterman's § 1983 claims also in part are frivolous. See United States v. Zermeno, 66 F.3d 1058, 1061 (9th Cir.1995) (mere fact that person stores property at place does not establish legitimate expectation of privacy there, and thus standing to raise Fourth Amendment claim); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir.1981) (allegations of harassment, embarrassment, and defamation do not state claim under 42 U.S.C. § 1983), aff'd, 460 U.S. 719 (1983).
 
 
 5
 We, however, vacate the district court's judgment as to Holterman's claim that Meza telephoned Larson on the basis of race, religion, skin color, or a combination thereof or "in retaliation" for Holterman's charges of discrimination in prison housing decisions. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir.1995) (retaliation for exercise of First Amendment rights violates Constitution if retaliatory action does not advance legitimate correctional goals).
 
 
 6
 AFFIRMED in part, VACATED in part, and REMANDED. The parties shall bear their own costs.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3